UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kevin Jermaine Jackson, | ) | C/A No. 8:25-cv-11859-JDA-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Scotty Bodiford, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding *pro se*, commenced this action seeking habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1. At the time Petitioner filed this action, he was incarcerated at the Greenville County Detention Center ("GCDC") as a pretrial detainee. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 2241 and submit findings and recommendations to the district court. For the reasons below, this action should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

## BACKGROUND

**Procedural History**

Petitioner commenced this action on August 29, 2025,[1] by filing a Petition for Writ of Habeas Corpus on the standard form. ECF No. 1. By Order dated September 3, 2025, Petitioner

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The envelope containing the Petition contains the following hand-written notation: "LEGAL 8/29/25." ECF No. 1-1 at 1. The envelop is post-marked August 30, 2025, and was stamped as received by the Clerk of Court on September 3, 2025. *Id*. at 1–2. The Court uses the hand-written date of August 29, 2025, as the date of filing.

1

was given an opportunity to provide the necessary information and paperwork to bring the case into proper form for further evaluation and possible service of process. ECF No. 5. Specifically, Petitioner was notified that he must pay the applicable $5 filing fee or file a motion for leave to proceed *in forma pauperis* in accordance with General Order *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007). *Id*. at 1. Petitioner was warned that failure to provide the necessary information and paperwork within twenty-one (21) days, the time set forth in the Order, may result in the case being dismissed. *Id*. at 1. The response deadline for Petitioner to bring the case into proper form was September 24, 2025 (plus three days for mail time). However, Petitioner did not respond to the Court's Order, and the time to respond has lapsed.

The Proper Form Order also advised Petitioner of his duty to always keep the Court informed as to his current address. *Id*. at 2. The Court's Order was mailed to GCDC where Petitioner was incarcerated at the time he commenced this action. ECF No. 6. The Court's Order has not been returned as undeliverable and so Petitioner is presumed to have received the Order. However, Petitioner is no longer incarcerated at GCDC. Instead, Petitioner was transferred to the custody of the South Carolina Department of Corrections ("SCDC") on September 10, 2025, and he appears to be presently incarcerated at the Kirkland Reception and Evaluation Center. *See* South Carolina Department of Corrections, Incarcerated Inmate Search, available at https://public.doc.state.sc.us/scdc-public/ (search by Petitioner's first and last name) (last visited October 6, 2025).

**Factual Allegations**

Petitioner alleges he is incarcerated at GCDC on charges at case numbers 2023A2330208658, 2023A2330208660, 2023A2330208663, 2023A2330208665,

2023A2330208672, 2023A2330208674, 2023A2330208675, 2023A2330208678. ECF No. 1 at 1.[2] Petitioner asserts the following grounds:

| | |
|---|---|
| **GROUND ONE**: | The magistrate wasn't neutral and detached (Patrick O'Brien) with his office being 20 McGee St., Greenville SC 29601. |
| *Supporting Facts*: | S.C. Constitution Art. I Sec. 8 says the governments are supposed to be forever separate and distinct. The Neutral and Detached Clause of the 4th Amendment says the person issuing the warrant must be separate from law enforcement and authority. |
| **GROUND TWO**: | Violation of the 4th Amendment Probable Cause when I was pulled over by the GCSD Deputy and never given a ticket. |
| *Supporting Facts*: | I was pulled over for an alleged traffic violation but never given a ticket. Sept. 28, 2023, was the date I got pulled over. |
| **GROUND THREE**: | 14th Amendment says all persons shall receive due process, yet I've been in jail almost 2 years and just got an Indictment. |
| *Supporting Facts*: | Evidence will show this. |
| **GROUND FOUR**: | I have grounds for a suppression hearing over the magistrate violating the Neutral and Detached Clause. |
| *Supporting Facts*: | [None.] |

*Id*. at 6–7. For his relief, Petitioner asks to be released from custody. *Id*. at 7.

---

[2] The Court takes judicial notice of the records in Petitioner's underlying criminal cases in the Greenville County Court of General Sessions. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

**DISCUSSION**

**Rule 41 Dismissal**

It appears to the Court that Petitioner has abandoned this matter. This case is therefore subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Petitioner has failed to bring the case into proper form by filing the applicable filing fee in accordance with the Court's Proper Form Order dated September 3, 2025. The Court's Order has not been returned as undeliverable and so Petitioner is presumed to have received the Orders. Additionally, Petitioner has failed to provide the Court with an updated address, despite being transferred to custody within SCDC.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

    (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

  At this point, Petitioner allowed a deadline to pass without filing any response to the Court's Proper Form Order. And Petitioner has failed to bring the case into proper form. Because Petitioner is proceeding *pro se*, he is personally responsible for this failure. Because Petitioner did not file a response to the Court's Order and has failed to bring the case into proper form, it appears to the Court that Petitioner wishes to abandon this case. The Court concludes that action less drastic than dismissal would not be effective. Because Petitioner has failed to prosecute this case and has failed to comply with the Order of this Court, this case should be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**Dismissal on the Merits**

  Additionally, this action is subject to dismissal on the merits. Even if Petitioner had paid the filing fee, the claims asserted and relief sought are without merit. Petitioner brought this action to challenge his incarceration at GCDC on charges that were pending against him in the Greenville County Court of General Sessions. On September 2, 2025, Petitioner pled guilty to certain of those charges and was sentenced to a term of imprisonment in the custody of SCDC.

For his relief, Petitioner seeks release from custody at GCDC.  Petitioner's claims are now moot as he has been transferred from custody at GCDC to SCDC.[3]  "A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  "'[I]t is not enough that a dispute was very much alive when [the] suit was filed,' but the parties must continue to have a 'particularized, concrete stake' in the outcome of the case through all stages of litigation."  *Id.* at 808–09 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–79 (1990)).  Thus, "[a] claim may be mooted 'when the claimant receives the relief he or she sought to obtain through the claim,' because the court no longer 'has [ ] effective relief to offer.'"  *Id.* at 809 (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (finding claim moot on appeal where plaintiff received relief sought).  Because Petitioner is no longer in custody at GCDC on pending charges, his requested relief is moot.  *Washington v. Warden*, C/A No. 1:24-cv-00475, 2025 WL 1749988, at *2 (S.D.W. Va. May 15, 2025) ("Since this Court cannot grant the requested relief, Petitioner's Petition has been rendered moot."), *R&R adopted by* 2025 WL 1748082 (S.D.W. Va. June 24, 2025).

Also, to the extent the Petition should be construed as challenging Petitioner's conviction and sentence that he is now serving in SCDC, his claims are premature because he has failed to exhaust his state court remedies.  Although a pretrial detainee's exclusive federal remedy for

---

[3] Petitioner's claims are also moot as they are premised on his contention that he was incarcerated without due process.  Petitioner's claims are moot based on his conviction.  To the extent Petitioner wishes to challenge his conviction and sentence, he must do so, in the first instance, in the state courts and not in this federal district court.

6

alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petitioner who is "in custody pursuant to the judgment of a State court" must seek relief pursuant to 28 U.S.C. § 2254. *Beckham v. McFadden*, C/A No. 3:24-cv-00725-MR, 2024 WL 3974783, at *1 (W.D.N.C. Aug. 28, 2024). Because Petitioner has now been convicted and sentenced, he is in custody pursuant to a state court judgment and must therefore seek relief under § 2254 and not § 2241.

"However, prior to bringing a habeas action in the district court, a petitioner must exhaust his state court remedies." *Salters v. Wallace*, C/A No. 8:25-cv-10425-BHH-WSB, 2025 WL 2638805, at *3 (D.S.C. Aug. 18, 2025), *R&R adopted by* 2025 WL 2638301 (D.S.C. Sept. 12, 2025). "The exhaustion requirement is 'grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *Washington v. Cartledge*, C/A No. 4:08-cv-4052-PMD, 2010 WL 1257356, at *1 (D.S.C. Mar. 29, 2010) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). As the Fourth Circuit Court of Appeals has explained, "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997) (instructing that, "to satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.") (citations omitted). "Furthermore, while failure to exhaust administrative remedies is an affirmative defense, a district court may raise exhaustion sua sponte and summarily dismiss a § 2241 [and § 2254] petition without prejudice if failure to exhaust is plainly apparent from the face of the petition." *Taylor v. Warden, Satellite Prison Camp at Edgefield, S.C.*, C/A No. 2:16-cv-01826-RBH, 2017 WL 359497, at *2 (D.S.C. Jan. 25, 2017). A state prisoner seeking habeas relief ordinarily "must exhaust his remedies in state court" and must

"give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999).

Petitioner was convicted and sentenced in the state court on September 2, 2025, approximately one month ago. Petitioner has not—and cannot—allege facts showing he exhausted his state court remedies, such as by filing a direct appeal and/or an application for post-conviction relief. Because Petitioner has failed to exhaust his state court remedies, the Petition should be dismissed without prejudice.

## CONCLUSION AND RECOMMENDATION[4]

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED** *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure. Alternatively, the Petition should be **DISMISSED** on the merits as moot and/or for failing to exhaust state court remedies.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

October 6, 2025
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[4] A copy of this Report and Recommendation will be mailed to Petitioner at both the GCDC and Kirkland Correctional Institution.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).